UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MOORE, #185481,

    Petitioner,

Civil No: 2:09-CV-13100

HONORABLE STEPHEN J. MURPHY, III

v.

PATRICIA CARUSO,

    Respondent.

_____/

**OPINION & ORDER DENYING PETITIONER'S MOTIONS FOR: (1) APPOINTMENT OF COUNSEL [dkt. #3, #6], (2) SERVICE UPON RESPONDENT [dkt. #4], (3) EVIDENTIARY HEARING [dkt. #5],  (4) PRELIMINARY INJUNCTION [dkt. #7, #8], AND (5) TRANSFER TO ANOTHER CORRECTIONAL FACILITY [dkt. #13]**

Leonard Moore ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He has since been discharged from Baraga Maximum Correctional Facility, in Baraga, Michigan on November 9, 2009.  Prior to his discharge, he filed several motions which are pending before the Court.  Since Petitioner's discharge from custody does not render his petition moot because continuing collateral consequences attach to wrongful criminal convictions, the Court will address the pending motions.  *See Gentry v. Deuth*, 456 F.3d 687, 693-95 (6th Cir. 2006).

Petitioner challenges his arson conviction, Mich. Comp. Laws §750.72, and his subsequent conviction for attempting to escape from prison, Mich. Comp. Laws §750.193. He was sentenced to two to twenty years' imprisonment for the arson conviction and six months to five years for the prison escape conviction.

## DISCUSSION

A. <u>Appointment of Counsel</u>

Petitioner filed two motions for appointment of counsel arguing that his "limited knowledge" of the law would place him at a disadvantage in the litigation of this matter, and therefore, an attorney needs to be appointed to represent his interests. There is no constitutional right to counsel in habeas proceedings. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B) (A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require."). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Id.* at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner

acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, the Rule 5 materials have not been filed with the Court and are not due for filing until May 12, 2010. Until this Court reviews all of the pleadings and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the motion for appointment of counsel will be denied without prejudice. Petitioner's motion will be reconsidered if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

B. Motion for an Evidentiary Hearing

Petitioner has also filed a motion for an evidentiary hearing on his various claims. If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554,

560 (M.D. Pa. 1998).

For the above stated reasons, an evidentiary hearing will be denied without prejudice because the Court has not yet received or reviewed the pleadings and the Rule 5 materials in this case.

C.  Motion for Preliminary Injunction & Motion for Correctional Facility Transfer

Petitioner asserts that: (1) toxic chemicals and other harmful substances are being put into his food by prison personnel; (2) he is being subjected to physical abuse by the prison staff; and (3) attempts have been made on his life.  Petitioner, therefore, seeks a preliminary injunction to compel the prison personnel to discontinue engaging in the alleged mistreatment of Petitioner.  Specifically, Petitioner requests that he be transferred to another correctional facility.

In light of the fact that Petitioner has been discharged from custody, he has been removed from Baraga Correctional Facility and is no longer subjected to the alleged misconduct of the prison personnel.  Therefore, Petitioner's motion for a preliminary injunction and for a transfer are denied as moot.

D.  Motion to Serve Respondent

Petitioner requests that the Court serve process upon the Respondent because he is not in position to do so.  The Court entered an Order to serve Respondent with Petitioner's pleadings on October 27, 2009. [dkt. #15]. Therefore, Respondent has been served and his motion is denied as moot.

**CONCLUSION**

Accordingly,

4

**IT IS ORDERED** that Petitioner's motions for appointment of counsel [Dkt. #3, #6] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's motion for service upon Respondent [Dkt. #4],  is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing [Dkt. #5],  is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motions for a preliminary injunction [Dkt. #7, #8] are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's motion for a transfer to another correctional facility [Dkt. #13],  is **DENIED** as **MOOT**.


        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  December 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager